**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MORRIS BRIAN KOONTZ                                        PETITIONER
ADC #115260

v.                          CASE NO. 5:09CV00274 JLH/BD

RAY HOBBS, Interim Director,[1]
Arkansas Department of Correction                         RESPONDENT

## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Court Chief Judge J. Leon Holmes.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this Recommended Disposition.  A copy will be

furnished to the opposing party.   Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

---

[1] In the Petition (#2), Petitioner names Larry Norris as Respondent.  Under Rule 2
of the Rules Governing § 2254 Cases in United States District Courts, the proper
Respondent is the state officer who has custody of Petitioner.  That officer is currently
Ray Hobbs, Interim Director of the Arkansas Department of Correction.  Accordingly, the
Clerk is instructed to substitute Mr. Hobbs as the Respondent.

Mail your objections and "Statement of Necessity" to:
    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II.    <u>Introduction</u>:

Morris Koontz, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) challenging the ADC's decision to catagorize him as a violator of the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601, *et seq*. Respondent filed a response (#16), to which Petitioner replied (#20). Petitioner also filed a supplement to his petition (#24). For the following reasons, the Court recommends that the District Court DISMISS the petition.

## III.    <u>Background</u>:

Petitioner is serving a 62-year aggregate prison sentence for multiple rape and residential burglary convictions. *Koontz v. State*, 2001 WL 196948 (Ark.App. Feb. 28, 2001); *Koontz v. State*, 2001 WL 184561 (Ark. Feb. 22, 2001); *Koontz v. State*, 2000 WL 37683 (Ark. Jan. 13, 2000). Petitioner does not contest these convictions in the pending petition. Instead, he challenges the ADC's decision to "label" him a PREA inmate (#2). Petitioner's alleged sanction occurred after ADC officials found him guilty of multiple disciplinary infractions, including the sexual assault of a prison nurse.

The disciplinary infractions occurred on December 10, 2006, while Petitioner was housed in the Ouachita River Unit of the ADC.  Petitioner allegedly lured a prison nurse into the visitation area (#16-3).  He then exposed himself to the nurse, followed her as she attempted to leave, and grabbed her leg while still exposing himself.  The nurse's leg was bruised in the incident.  (#16-4).

ADC officials initially charged Petitioner with major disciplinary violations for failure to obey staff orders, being out of place of assignment, indecent exposure, and committing an act defined as a felony or misdemeanor by the State of Arkansas (#16-2).  After completing an investigation, ADC officials added major disciplinary violations for rape or forced sexual act, assault, and making sexual threats to another person (#16-3).[2]

After conducting a disciplinary hearing, ADC officials found Petitioner guilty of all charges.  As a result, Petitioner lost commissary, phone, visitation, and recreation privileges for 30 days.  Petitioner was given 30 days of punitive isolation and his class was reduced to level IV.  In addition, Petitioner forfeited 365 days of meritorious good time credit (#16-4).

Petitioner complains that another result of the disciplinary hearing was that ADC officials classified him as a PREA offender.  Documentation showing this classification

---

[2] It appears ADC officials dropped the out-of-place-of-assignment charge.

does not appear in the record. This classification, according to Petitioner, creates additional prison hardships.[3]

Petitioner contests this classification on several grounds, including that he did not violate the PREA, essentially because he was unsuccessful in his attempted rape of the nurse. He also argues that, because his sexual assault was against a staff member instead of another inmate, the PREA does not apply. Petitioner's final argument is that the ADC is misapplying the PREA. None of these arguments has merit.

In response to the petition, Respondent states that Petitioner's PREA claim is procedurally defaulted, is not an issue for federal habeas relief, and lacks merit. In reply, Petitioner alleges the ADC failed to follow its own policies, leading to his disciplinary violation convictions. He also states that he raised the PREA issues in his court filings, but the courts failed to address the issue.

IV.   **Discussion**:

A.   *Procedural Default*

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see

---

[3] Petitioner alleges he is now restricted to maximum security units with single-man cell placement, and he lost the opportunity to earn good time credit (#2, p. 1).

also 28 U.S.C. § 2254(b) and (c).  "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) and *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

Claims raised in a federal habeas petition that were not presented in state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

Petitioner exhausted his ADC administrative remedies by appealing the disciplinary conviction to the Warden, Hearing Administrator, and to the Director of the ADC (#24).  When his administrative filings were unsuccessful, Petitioner filed a petition for judicial review of administrative action and a petition for writ of mandamus in the Jefferson County Circuit Court (#16-5).

In the petition for judicial review, Petitioner briefly mentioned the PREA, claiming that the ADC erroneously applied PREA to his disciplinary action (#16-5, p. 6-7). Petitioner's primary contention, however, was the alleged lack of evidence supporting the disciplinary convictions.  He also claimed the ADC failed to follow its own regulations when disciplining him (#16-5, p. 14-15).

The Jefferson County Circuit Court dismissed the petitions without prejudice, finding them frivolous (#16-6) and without addressing Petitioner's arguments in the dismissal Order. Petitioner appealed, again contesting the sufficiency of evidence and claiming the ADC had failed to follow its own regulations and policies, thereby violating his right to Due Process (#16-7). Petitioner mentioned PREA in his brief, but did not provide a separate basis for challenging his alleged PREA classification. The Arkansas Supreme Court affirmed the dismissal, finding that Petitioner had no liberty interest in having ADC officials follow ADC regulations or policy (#16-8). The Court also found that Petitioner did not have a liberty interest in his good time credit. *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008). Without a liberty interest, the Court found, Petitioner failed to state a claim for a Due Process violation.

To properly exhaust state remedies, a petitioner must present "his or her claims through one complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387 (2006). Petitioner attempted to raise similar issues through the Arkansas Courts that he now raises in his petition. Petitioner's claims were vague and not well delineated, raising the question of whether they were "fairly" presented. Regardless, the substance of Petitioner's claims fail on the merits. See 28 U.S.C. § 2254(b)(2) (a petition may be denied on the merits, notwithstanding failure to exhaust available State remedies).

B.     *PREA and Federal Habeas Review*

A federal court may entertain a State prisoner's petition for writ of habeas corpus only on the ground that he is in State custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Nothing in the PREA provides Petitioner with a ground for federal habeas relief. The PREA is not a basis for State custody and does not provide or extend any right or interest to Petitioner. Rather, the PREA simply authorizes funding and the creation of national standards to help States detect, prevent, reduce, and punish prison rape. See 42 U.S.C. § 15601, *et seq.*

Contrary to Petitioner's assertions, his disciplinary sanctions were not based on the PREA. Instead, the ADC sanctioned Petitioner for violating ADC rules and regulations. Petitioner provided copies of some of the ADC rules and regulations that he violated. In addition, he provided copies of his disciplinary charges and findings, which reference the ADC rules and regulations that he violated. Petitioner has not, and cannot, identify any provision in the PREA under which his State custody is premised. As noted by Petitioner, the sanctions of loss of good time credit and loss of the opportunity to earn good time credit are controlled by Arkansas statute (#2, p. 4). See Ark. Code Ann. § 12-29-201, *et seq*. If the ADC now classifies Petitioner as a sexual predator or "PREA violator" as he alleges, the classification was made under ADC rules and regulations.

Generally, a federal writ of habeas corpus is not available to challenge the legitimacy, creation, and enforcement of State prison rules and regulations, even if the

7

rules and regulations are modeled after a federal statute or a national standard.  Federal

habeas review is available only if Petitioner's State custody violates the federal

Constitution or statutes.

C.     *Due Process*

In this case, the only conceivable argument for federal habeas relief raised by

Petitioner is that the ADC violated his right to Due Process.[4]  "The Due Process Clause of

the Fourteenth Amendment prohibits governments from depriving 'any person of life,

liberty, or property, without due process of law.'"  *Creason v. City of Washington*, 435

F.3d 820, 824 (8th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1).  Because the

pending petition does not concern the deprivation of life or property, Petitioner must

establish an infringement of a protected liberty interest.  *Ragan v. Lynch*, 113 F.3d 875,

876 (8th Cir.1997) (citations omitted).  To establish the existence of a liberty interest,

Petitioner must show that he has been subjected to an "atypical and significant hardship

. . . in relation to the ordinary incidents of prison life," or that the government's action

---

[4] Respondent argues that Petitioner did not raise a Due Process claim in the
pending petition.  Respondent, however, devoted a large portion of his response to
Petitioner's potential Due Process claim (#16, p. 5-7).  The Arkansas Supreme Court also
addressed the issue of Due Process when Petitioner made allegations in his State filings
similar to the ones here.  *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008).  While it
appears Petitioner did not use the phrase "Due Process" anywhere in his petition, he
alluded to this claim by alleging that he "was charged with the loss of 365 days of good
time that he had earned, of which he has a liberty interest."  (#2, p. 3)  Based on the
substance of Petitioner's claims, not the terminology used in the petition, it appears
Petitioner sufficiently asserted a violation of his right to Due Process.

"will inevitably affect the duration of his sentence."  See *Sandin v. Conner*, 515 U.S. 472, 484, 487, 115 S.Ct. 2293 (1995).

According to Petitioner, his disciplinary conviction resulted in the loss of commissary, phone, visitation, and recreation privileges during the thirty days he served in punitive isolation.  He also alleges that his prison classification was reduced and that he is now restricted to maximum security units with single-man cell placement.  None of these sanctions pose an "atypical and significant hardship" that would give rise to a liberty interest protected by the Due Process clause.  See *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that thirty days of punitive isolation, resulting in the loss of working, mailing, commissary, and telephone privileges, was not an atypical and significant hardship under *Sandin*); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (demotion to segregation, even without cause, is not itself an atypical and significant hardship); *Moody v. Daggett*, 429 U.S. 78, 88 fn. 9 (1976) (inmate has no liberty interest in maintaining a particular classification level);  *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005) (*per curiam*) (ADC inmate has no constitutional right to particular prison classification);  *Meachum v. Fano*, 427 U.S. 215, 228, 96 S.Ct. 2532, 2540 (1976) (the Due Process Clause does not create a liberty interest in prisoners to be free from intrastate prison transfers "for whatever reason or for no reason at all");  *Portley-El v. Brill*, 288 F.3d 1063, 1065-1066 (8th Cir. 2002) (reclassification to maximum security is not likely an atypical and significant hardship).  Disciplinary

9

segregation, and the temporary loss of certain privileges while in segregation, are not the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin*. See *Philllips v. Norris*, 320 F.3d 844, 847-848 (8th Cir.2003) (holding that thirty-seven days in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*).

Petitioner repeatedly claims that ADC officials failed to follow State law during the disciplinary process. He contends the ADC also failed to follow its own rules and regulations. Petitioner, however, has no federally protected interest in having State officials follow State laws, rules, or regulations. See *Phillips*, 320 F.3d at 847 (no federal Constitutional interest in having state officers follow state law or prison officials follow prison regulations).

Petitioner also argues that the Court should prohibit the ADC from classifying him as a sexual predator.[5] He claims the stigma of being classified as a sexual predator will bar future parole or clemency consideration (#2, p. 3). While Petitioner may have a protected liberty interest in the accuracy of prison records pertaining to him, here he failed to show how the alleged classification violates the Constitution or laws of the United States. See *Sandin*, 515 U.S. at 487 (inmate seeking to expunge erroneous information from his file under the Due Process clause was denied relief because he did

---

[5] Considering Petitioner's multiple rape convictions, the irony of his protestation at being labeled a sexual predator is not lost on the Court.

not show that the false information would inevitably lengthen the duration of his incarceration, even though the information may have had an adverse effect on his chance for parole).  The only other sanction alleged by Petitioner that implicates a federally protected interest is the loss of good time credit.

As a result of his disciplinary conviction, Petitioner forfeited 365 days of meritorious good time credit (#16-4).  He also lost the opportunity to earn good time credit in the immediate future through his demotion to a lower prison classification.

Prisoners have a liberty interest in avoiding the loss of good time credit, which entitles them to minimal Due Process during a State's deprivation of the prisoner's good time credit.  *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974).  The Supreme Court of Arkansas has found no liberty interest in the accumulation or loss of good time credits under Arkansas law.  *McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006); *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008).  The reasoning is that the accumulation and loss of good time credit does not ultimately affect the length of a sentence, but only the location and conditions under which the sentence will be served.  *McKinnon*, 231 S.W.3d at 729-730.

The Arkansas Supreme Court is primarily responsible for interpreting Arkansas law.  However, the State's interpretation of the federal Constitution, and in this case the Due Process Clause of the Constitution, is not necessarily binding on a federal court.  See *Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 706 (1962) (Supreme Court of the United

11

States is the "ultimate interpreter of the Constitution").  Both the Supreme Court of the

United States and the Eighth Circuit Court of Appeals have found that inmates in

Nebraska have a liberty interest in the loss of good time credits under a statutory scheme

similar to Arkansas's.[6]  See *Wolff*, 418 U.S. at 556-557 and *Louis v. Department of*

*Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006).  In addition,

several courts in this district have held that Arkansas inmates have a liberty interest in the

loss of their good time credit.  See *Penny v. Swayze*, Case No. 5:08CV00087, 2008 WL

1932019 (E.D.Ark. April 28, 2008) (prisoners have a liberty interest in the loss of good

time credits under *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *Robins v. Straughn*, Case

No. 5:07CV00264, 2007 WL 4191767 (E.D.Ark. Nov. 26, 2007) (same).  Regardless of

whether Petitioner ultimately has a protected liberty interest in the loss of his good time

credit, or any other disciplinary sanction imposed by the ADC, in this case, he received all

process he was due.

Before the deprivation of a protected interest, a person is entitled to due process.

In the prison setting, due process protection is limited to advance written notice of the

claimed violations, an opportunity to call witnesses and present documentary evidence in

defense, and a written statement of the fact-finder as to the evidence relied upon and

reasons for the disciplinary actions taken.  *Wolff*, 418 U.S. at 563-568.  In this case,

---

[6] Unlike Nebraska's "good time" statute, however, Arkansas's good time statute provides that "good time will not be applied to reduce the length of a sentence." *Compare* Neb. Rev. Stat. § 83-1,107 *with* Ark. Code Ann. § 12-24-201(d).

Petitioner received written notice of his disciplinary charges on December 11, 2006, and notice of the revised charges on December 13, 2006 (#16-2 and #16-3).  Petitioner attended a disciplinary hearing on December 15, 2006, where he had an opportunity to present a defense to the charges (#16-4).  After the hearing, Petitioner received a written statement of the evidence relied upon and the reasons for his disciplinary conviction and punishment (#16-4, p. 2).  Accordingly, the ADC's actions provided Petitioner with all the due process to which he was entitled.

In addition to the process, Petitioner also contests the sufficiency of the evidence supporting his disciplinary conviction.  Federal courts do not provide *de novo* review of prison disciplinary proceedings.  *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir.1974).  Instead, the inquiry for the Court is whether "some evidence" supports the disciplinary decision.  See *Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768 (1985); *Brown v. Frey*, 807 F.2d 1407, 14l4 (8th Cir.1986).  In this case, the ADC supported Petitioner's disciplinary conviction with witness statements and photographs (#16-4, p. 2).  The ADC relied on more than enough information to meet the "some evidence" standard.  Accordingly, Petitioner's disciplinary conviction did not violate his Constitutional rights.

**V.**      **Conclusion:**

The disciplinary sanctions imposed as part of Petitioner's State custody did not violate the Constitution or laws of the United States.  Accordingly, the Court recommends

that the District Court dismiss Petitioner Morris Koontz's petition for writ of habeas corpus (#2) with prejudice.

DATED this 15th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE